UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEXANDER MATTHEWS, *et al.*,
Plaintiffs,

-v-

JIE CHANG,
Defendant.

25-CV-6050 (JPO)

MEMORANDUM AND ORDER

J. PAUL OETKEN, District Judge:

Plaintiffs Alexander Matthews and Shi Yongwei, proceeding pro se, bring this action against Defendant Jie Chang, asserting claims for copyright infringement, breach of contract, civil fraud, and common law tort claims. (ECF No. 1 ("Compl.") ¶¶ 16-31.) Before the Court is Chang's motion to dismiss the complaint. (ECF No. 12.) For the reasons that follow, the motion is granted.

## I. Background

The following facts are taken from Plaintiffs' complaint and the attached exhibits, and are presumed true for purposes of the present motion. *Fink v. Time Warner Cable*, 714 F.3d 739, 740-41 (2d Cir. 2013); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).

Plaintiffs are the sole and exclusive copyright owners of a book, *Son of Qinghua*, the plot of which is based on the life of Shi. (ECF No. 1 ("Compl.") ¶ 6.) Plaintiffs developed a screenplay adaptation of *Son of Qinghua*, tentatively titled *Once Upon a Time in New York*, and engaged Chang to write, direct, and edit the adaptation. (*Id.* ¶¶ 7-8.) In early August 2024, Plaintiffs executed a "Power of Attorney" which "irrevocably authorize[d] Mr. Jie Chang" to exercise certain rights during the term of the Power of Attorney. (*Id.* at 7.) Such rights included "all rights under the laws of the USA and the Articles of Association of the film company,

including but not limited to writing, revising, and editing the screenplay in whole or in part." (*Id.*) The Power of Attorney further provides that it "is irrevocable and valid from the date of execution as long as we are partners in the film company." (*Id.*) The film company referred to throughout the Power of Attorney is East Brilliance Films, Inc. (*Id.* ¶ 9.) Chang was never made a member or partner of the film company. (*Id.* ¶¶ 9-10.)

Plaintiffs allege that the Power of Attorney did not convey any ownership rights to Chang in *Once Upon a Time* or any other work, and that they did not otherwise grant Chang any ownership rights in either *Once Upon a Time* or *Son of Qinghua*. (*Id.* ¶¶ 11-12.) However, Chang proceeded to assert exclusive ownership of the adaptation and its underlying materials, including copyrighted footage, scripts, and related creative works. (*Id.* ¶ 13.) Chang also refused to return original footage, scripts, and production files to Plaintiffs. (*Id.* ¶ 14.) After learning of Chang's allegedly false ownership claims, Plaintiffs sent an email to Chang on July 21, 2025 purporting to revoke the Power of Attorney. (*Id.* ¶ 15; *id.* at 9-10.)

On July 22, 2025, a day after Plaintiffs' revocation email, Plaintiffs commenced this action. (*See generally id.*) On August 21, 2025, Plaintiffs filed a certificate of service indicating that Chang was served on August 16, 2025. (ECF No. 10.) The certificate indicates that Shi served Chang by taping the summons and complaint to the front door of his last known address. (*Id.*) On September 8, 2025, Chang filed a motion to dismiss (ECF No. 12), accompanied by a memorandum of law (ECF No. 13, *corrected by* ECF No. 14 ("Mem.")). Plaintiffs filed an opposition on October 26, 2025. (ECF No. 16 ("Opp.").) Chang filed a reply in further support on November 10, 2025. (ECF No. 20 ("Reply").) Plaintiffs then filed two motions for summary judgment (ECF No. 26; ECF No. 44), which the Court denied without prejudice as premature, given the pending motion to dismiss (ECF No. 32; ECF No. 46.).

## II. Legal Standard

Chang urges dismissal based both on insufficient service and failure to state a claim. (*See generally* Mem.) "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Dynegy Midstream Servs., LP v. Trammochem*, 451 F.3d 89, 94 (2d Cir. 2006). "When a defendant moves to dismiss under [Federal] Rule [of Civil Procedure] 12(b)(5) for insufficient service of process, the plaintiff bears the burden of proving adequate service." *Oyewole v. Ora*, 291 F. Supp. 3d 422, 430 (S.D.N.Y. 2018) (Nathan, J.), *aff'd*, 776 F. App'x 42, 44 (2d Cir. 2019) (summary order). "Because a Rule 12(b)(5) motion implicates whether the court has jurisdiction, the court looks to matters outside the complaint." *Deptula v. Rosen*, 558 F. Supp. 3d 73, 83 (S.D.N.Y. 2021) (cleaned up).

To survive a motion to dismiss brought under Rule 12(b)(6) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions[.]" *Twombly*, 550 U.S. at 555 (cleaned up). Rather, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* All reasonable inferences that can be drawn from the complaint must be construed in the light most favorable to the plaintiff. *See Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020). Additionally, courts "must construe *pro se* pleadings broadly, and interpret them to raise the strongest arguments that they suggest." *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) (quotation marks omitted). However, courts are "not bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions." *Rolon v. Henneman*, 517 F.3d 140, 149 (2d Cir. 2008) (quotation marks omitted).

In deciding a motion to dismiss, courts may "consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco*, 622 F.3d at 111. "Where a document is not incorporated by reference, the court may never[the]less consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document integral to the complaint." *Id.* (quotation marks omitted). "Although courts generally may not look outside the pleadings when reviewing a Rule 12(b)(6) motion to dismiss, the mandate to read the papers of *pro se* litigants generously makes it appropriate to consider plaintiff's additional materials." *Alsaifullah v. Furco*, No. 12-CV-2907, 2013 WL 3972514, at *4 n.3 (S.D.N.Y. Aug. 2, 2013) (quotation marks omitted). "Accordingly, where a *pro se* plaintiff is faced with a motion to dismiss, a court may consider materials outside the complaint to the extent that they are consistent with the allegations in the complaint." *Id.* (quotation marks omitted); *see also Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013).

## III. Discussion

### A. Insufficient Service of Process

The certificate of service indicates that Shi served the summons and complaint on Chang. (ECF No. 10.) Chang argues that the complaint should be dismissed for insufficient service of process because Shi is a party to this action. (Mem. at 5-6.)

Rule 4 of the Federal Rules of Civil Procedure governs service of process, which requires serving a summons and a copy of the complaint on the defendants. Fed. R. Civ. P. 4. Rule 4 requires that service be effectuated by a person who is "not a party" to the action. Fed. R. Civ. P. 4(c)(2). Accordingly, "parties are ineligible to serve their own process," and doing so renders an attempt at service defective. *Kennedy v. Peters*, No. 23-CV-195, 2023 WL 5977237, at *2 (N.D.N.Y. Sept. 14, 2023). Moreover, "[a]lthough *pro se* litigants must be afforded a certain amount of latitude, they are still required to attempt to comply with procedural rules, especially

when they can be understood without legal training and experience." *Yadav v. Brookhaven Nat. Lab'y*, 487 F. App'x 671 (2d Cir. 2012) (summary order).

Plaintiffs do not dispute that Shi served Chang, or that such service is in violation of Rule 4(c)(2). Plaintiffs also do not ask for more time to perfect service. Instead, they argue only that Chang waived his objection to service by filing a motion to dismiss, and that because he is on actual notice and is participating in litigation, any defects in service are cured. (Opp. at 3.) But as Chang points out, waiver applies only when a defendant who has filed a motion to dismiss does not raise the issue of service in that motion to dismiss or otherwise in a timely fashion. (Reply at 3-4.) That is not the case here, where Chang has timely raised the objection to service in his motion to dismiss. *See La Dolce Vita Fine Dining Co. Ltd. v. Zhang Lan*, No. 19-MC-00536, 2020 WL 7321366, at *3 (S.D.N.Y. Dec. 11, 2020) ("Pursuant to Federal Rule of Civil Procedure 12(h), a party waives a defense of insufficient service of process by failing to include it in a responsive pleading or to raise it on a Rule 12 motion.").

Because service was deficient and because Chang has not waived his objection to service, the Court proceeds to the question of remedy. "Where service has not been proper, the Court has broad discretion either to dismiss the action or to quash the improper service and extend the time for service." *Bender v. Gen. Servs. Admin.*, No. 05-CV-6459, 2006 WL 988241, at *4 (S.D.N.Y. Apr. 14, 2006) (Lynch, J.). Courts typically exercise their discretion to retain a case in the event of improper service "where alleged defects in the service of process cause no prejudice." *Richards v. Bienenfeld*, No. 24-CV-6554, 2025 WL 1518010, at *2 (S.D.N.Y. May 28, 2025). Because Chang has not argued that the defect in service caused him any prejudice (*see* Mem. at 5-6; Reply at 3-5), the Court declines to impose the severe sanction of dismissal and instead will quash service and direct Plaintiffs to serve Chang properly. *Richards*, 2025 WL 1518010, at *2.

**B. Failure to State a Claim**

Chang also argues that the complaint should be dismissed for failure to state a claim upon which relief can be granted. (Mem. at 7-11.) The Court agrees.[1]

**1. Copyright Infringement**

Owners of a copyright enjoy certain "exclusive rights," 17 U.S.C. § 106, in order to protect "original works of authorship," 17 U.S.C. § 102(a). "A properly pleaded copyright infringement claim must allege 1) which specific original works are the subject of the copyright claim, 2) that plaintiff owns the copyrights in those works, 3) that the copyrights have been registered in accordance with the statute, and 4) by what acts during what time the defendant infringed the copyright." *Trombetta v. Novocin*, No. 18-CV-993, 2021 WL 6052198, at *12 (S.D.N.Y. Dec. 21, 2021) (cleaned up). To establish infringement, "a plaintiff must demonstrate that: (1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's work." *Abdin v. CBS Broad. Inc.*, 971 F.3d 57, 66 (2d Cir. 2020) (cleaned up).

The complaint alleges that Plaintiffs are the sole and exclusive copyright owners of *Son of Qinghua* (Compl. ¶ 6), and they attach to their opposition a copy of the registration of that copyright (Opp. at 10-11). But both in the complaint and in their opposition, Plaintiffs allege in conclusory fashion that they also have copyright ownership of the screenplay adaptation, *Once Upon a Time in New York*, as well as of "footage, scripts, and related creative works." (Compl.

---

[1] The Court reaches the merits of Chang's motion to dismiss because it does not dismiss the complaint for insufficient service of process and because the interests of both justice and judicial economy counsel in favor of reaching the merits. *See Bender*, 2006 WL 988241, at *4 (dismissing certain claims that "are manifestly futile" after declining to dismiss for insufficient service of process); *Zeballos v. Tan*, No. 06-CV-1268, 2006 WL 1975995, at *6 n.11 (S.D.N.Y. July 10, 2006) (Lynch, J.).

¶¶ 13-14; Opp. at 3.) Plaintiffs fail to plausibly allege copyright ownership of any works derivative of *Son of Qinghua*, as the complaint lacks any specificity as to which derivative works are copyrighted. Plaintiffs make the more specific allegation in their opposition brief that they own the copyright to the derivative screenplay, but this allegation is contradicted by the exhibit that Plaintiffs provide in support, which indicates only that there is a *pending* claim for a copyright on the film adaptation. (Opp. at 3, 12.) "There is an overwhelming consensus in the Southern District of New York that . . . a pending application for copyright registration cannot sustain a claim for infringement prior to its approval or rejection by the Copyright Office." *Herrick v. Grindr, LLC*, 306 F. Supp. 3d 579, 600 (S.D.N.Y. 2018) (collecting cases) (cleaned up), *aff'd*, 765 F. App'x 586 (2d Cir. 2019) (summary order). Moreover, "the well-established rule in this Circuit [is] that registration of an original work does not automatically enable the copyright holder to bring a suit for infringement of an unregistered work derived from the original." *Automated Mgmt. Sys., Inc. v. Rappaport Hertz Cherson Rosenthal, P.C.*, No. 16-CV-4762, 2019 WL 111042, at *2 (S.D.N.Y. Jan. 4, 2019).

In short, Plaintiffs have only plausibly alleged copyright ownership over *Son of Qinghua*. Prevailing on the motion to dismiss would therefore require them to adequately allege that Chang has infringed that copyright. They have failed to do so. A complaint is deficient "if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557). The only allegations in the complaint that are directed toward Chang's infringement state in conclusory fashion that "Defendant has wrongfully asserted exclusive ownership of the adaptation and its underlying materials, including copyrighted footage, scripts, and related creative works," and that "Defendant has refused to return original footage, scripts, and production files, and has claimed sole copyright ownership." (Compl.

¶¶ 13-14.) These allegations do not provide any insight into whether, when, or how Chang has created a work substantially similar to *Son of Qinghua*, and do not make clear the work over which Chang has claimed sole copyright ownership. *Accord Abdin*, 971 F.3d at 66. Indeed, they do little more "than simply rest on bare-bone allegations that infringement occurred." *Tianhai Lace Co. v. ASOS, PLC*, No. 22-CV-9752, 2023 WL 3479804, at *2 (S.D.N.Y. May 16, 2023) (quotation marks omitted); *see also Bray v. Purple Eagle Ent., Inc.*, No. 18-CV-5205, 2019 WL 1549044, at *7-8 (S.D.N.Y. Jan. 18, 2019) (collecting cases in which similar allegations were held to be insufficient), *report and recommendation adopted*, No. 18-CV-5205, 2019 WL 549137, *1 (S.D.N.Y. Feb. 12, 2019).

"Plaintiff[s'] conclusory allegations of unspecified purported copying are not sufficient to support [their] copyright infringement claim." *Mosher v. Veyda*, No. 22-CV-9632, 2024 WL 4932621, at *8 (S.D.N.Y. Dec. 2, 2024), *appeal dismissed* (Jan. 21, 2026).[2] Accordingly, the Court grants Chang's motion to dismiss Plaintiffs' copyright infringement claim.

**2. State Law Claims and Declaratory Judgment**

Having dismissed Plaintiffs' federal copyright claim, the Court must determine whether it has subject matter jurisdiction over the remaining claims. Plaintiffs allege that the Court has jurisdiction over this action pursuant to 23 U.S.C. § 1331, because of the federal law claim, and supplemental jurisdiction over the related state law claims. (Compl. ¶ 1.) However, Plaintiffs' only remaining federal law claim is for declaratory judgment under 28 U.S.C. § 2201. (*Id.* at

[2] Because the Court concludes that Plaintiffs failed to plausibly allege infringement, it does not reach the question of whether Plaintiffs had granted Chang a license. That said, it is unclear why the Power of Attorney—which broadly authorizes Chang to exercise all rights of East Brilliance Films, including working on the screenplay adaptation of *Son of Qinghua*—would not constitute a license that authorizes any allegedly infringing conduct that took place during the duration of the license. (Compl. at 7.)

¶ 32.) Because "the Declaratory Judgment Act does not by itself confer subject matter jurisdiction on the federal courts[,] there must be an independent basis of jurisdiction before a district court may issue a declaratory judgment." *Mosher*, 2024 WL 4932621, at *9 (quotation marks omitted). Accordingly, the Court turns to Plaintiffs' state law claims to determine if there is a basis for jurisdiction.

To establish that this Court has diversity jurisdiction over their state law claims, Plaintiffs would have to show that they and Chang are citizens of different states. *See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51 (2d Cir. 2000) (Sotomayor, J.). However, the complaint indicates that all parties are citizens of New York. (Compl. ¶¶ 3-5.) Accordingly, there is no diversity jurisdiction.

Absent federal question or diversity jurisdiction, the Court must consider whether to exercise supplemental jurisdiction over the state law claims. A court has supplemental jurisdiction over state law claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). But even where supplemental jurisdiction is available, "[a] district court usually should decline the exercise of supplemental jurisdiction when all federal claims have been dismissed at the pleading stage." *Denney v. Deutsche Bank AG*, 443 F.3d 253, 266 (2d Cir. 2006); *see also* 28 U.S.C. § 1367(c)(3). Because "the traditional values of judicial economy, convenience, fairness, and comity" are not served by maintaining jurisdiction over Plaintiffs' state law claims, the Court declines to exercise supplemental jurisdiction over the remaining state law claims at this early stage in the litigation. *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quotation marks omitted). However, because the Court dismisses the state law claims on jurisdictional grounds, Plaintiffs

may still choose to replead these claims in state court. *See Livingston v. Mejia*, No. 20-CV-2009, 2022 WL 976808, at *7 (S.D.N.Y. Mar. 31, 2022).

Accordingly, the Court dismisses Plaintiffs declaratory judgment and state law claims against Chang without prejudice to refiling in state court.

### C. Leave to Amend

Neither Plaintiffs nor Chang address whether the Court should grant Plaintiffs leave to amend their complaint. Rule 15 instructs the Court to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). A pro se complaint "should not be dismissed without granting leave to amend at least once when a liberal reading of the complaint gives *any* indication that a valid claim might be stated." *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (cleaned up). Because Plaintiffs potentially "could remedy the inadequacies identified" herein, the Court grants leave to amend if they so choose. *See Shomo*, 579 F.3d at 184.

## IV. Conclusion

For the foregoing reasons, Chang's motion to dismiss is GRANTED. If Plaintiffs wish to file an amended complaint, they must (1) effect proper service within 30 days of the date of this Order and (2) file an amended complaint within 45 days of the date of this Order. If no amended complaint is filed within that time, the federal claims will be dismissed with prejudice and the state claims will be dismissed without prejudice to refiling in state court.

The Clerk of Court is directed to close the motion at Docket Number 12.

SO ORDERED.

Dated: August 10, 2026
New York, New York

J. PAUL OETKEN
United States District Judge